United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EFRAIN XUNCAX MENDEZ,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-05263-NW

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Before the Court is Petitioner Efrain Xuncax Mendez's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 in which he argues that his prolonged detention by U.S. Immigration and Customs Enforcement ("ICE") without a bond hearing violates his Fifth Amendment right to due process. ECF No. 1 at 7. For the reasons that follow, the Court dismisses the petition without prejudice.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner is a native of Guatemala who became a legal permanent resident of the United States on November 8, 2001. ECF No. 6-1 at 2. Between January 2019 and February 2026, Petitioner was convicted of multiple theft related offenses, including retail theft under Utah Code § 76-6-602 on July 22, 2021 and mail theft under Utah Code § 76-6-1003 on March 31, 2025. *See id*. at 2–3; ECF No. 6-2 at 5, 29; ECF No. 6-3 at 1–4.

Petitioner was transferred to ICE custody on June 9, 2026 following his release from state custody. *See* ECF No. 6-1 at 2. That same day he was served with a Notice to Appear ("NTA") charging him as deportable under 8 U.S.C. § 1227(a)(2)(A)(ii) for having committed two or more crimes involving moral turpitude, and placed in removal proceedings. ECF No. 6-3 at 1.

Petitioner's next immigration court hearing is scheduled for October 6, 2026.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(B). ECF No. 6 at 2. Petitioner does not dispute that this subsection controls his detention, nor does it appear that he could do so without first being required to exhaust his administrative remedies. *See Rakeshkumar H.P. v. Warden, California City Corr. Ctr.*, No. 1:26-CV-02869-MWJS, 2026 WL 1146201 (E.D. Cal. Apr. 28, 2026) ("[W]hile Petitioner contends that his classification under [8 U.S.C. § 1226(c)] is incorrect, a challenge of that nature must be raised, at least in the first instance, with immigration authorities rather than with a court."). But he contends that his continued detention without a bond hearing violates his due process rights under the Fifth Amendment. ECF No. 1 at 7.

Although the Supreme Court in *Demore v. Kim*, 538 U.S. 510 (2003), held that 8 U.S.C. § 1226(c) is facially constitutional, it left open the possibility of individualized constitutional challenges to prolonged detention under that statute. *See id.* at 526 (holding that the government may detain a noncitizen under § 1226(c) for the "limited period necessary for their removal proceedings"); *see also id.* at 532 (Kennedy, J., concurring) (explaining that "since the Due

Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien ... could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified"). As such, Judges have reached different conclusions about what standards ought to govern as-applied challenges to prolonged, mandatory detention under § 1226(c), with factors such as the length of detention, whether the detention is likely to continue, and the reasons for the delay among items considered amongst the plethora of different balancing tests. *See generally Keo v. Warden of the Mesa Verde Ice Processing Ctr.*, Case No. 1:24-cv-00919, 2025 WL 1029392, at *5 (E.D. Cal. Apr. 7, 2025) *appeal dismissed sub nom. Keo v. Warden*, No. 25-3546, 2025 WL 2528945 (9th Cir. June 27, 2025) (summarizing precedents). Under even the most general possible standards, the record here at this stage still does not support Petitioner's due process claim.

Petitioner has now been in custody for a little over four months as his removal proceedings have progressed. He has offered no evidence that the Government has caused any delay in his removal proceedings, or that there is any reason to fear there will be delay in the future. Indeed, in considering the constitutionality of mandatory detention under § 1226(c) in *Demore*, the Supreme Court found acceptable the fact that an individual's removal proceedings may take five months, thus, allowing for detention for at least that period of time. *Demore*, 538 U.S. at 530–31. Accordingly, the mere fact that Petitioner's detention has reached four months, without further evidence that his detention has become indefinite or that it has become unconstitutionally prolong given his particular situation, is not sufficient to justify habeas relief. On this record then, regardless of precisely what legal standard the Court adopts, the Court concludes that Petitioner's constitutional claim cannot prevail at this time. *See Oth v. Chestnut*, No. 1:25-CV-01367-KES-HBK (HC), 2026 WL 323053, at *5–8 (E.D. Cal. Feb. 6, 2026) (concluding that fourteen-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Daley v. Andrews*, No. 1:25-CV-00922-KES-CDB (HC), 2026 WL 101840 (E.D. Cal. Jan. 14, 2026) (concluding that seventeen-month detention under 8 U.S.C. § 1226(c) did not violate due process).

**IV. CONCLUSION AND ORDER**

The petition is, therefore, DISMISSED without prejudice. The Clerk of the Court is

United States District Court
Eastern District of California

directed to enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: September 29, 2026

Noël Wise
United States District Judge